UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| KSA ELECTRONICS, INC. a California corporation,<br><br>   Plaintiff,<br><br>   v.<br><br>M/A-COM TECHNOLOGY SOLUTIONS, INC., a Delaware corporation,<br><br>   Defendant. | Case No. 14-cv-2316 BAS (JLB)<br><br>**ORDER GRANTING MOTION TO TRANSFER VENUE**<br><br><br><br>**[ECF 7]** |
|---|---|

   On October 1, 2014, Plaintiff KSA Electronics, Inc. brought this breach of contract action against Defendant M/A-Com Technology Solutions, Inc. Plaintiff is a California corporation that contracted with Defendant to sell microchips on Defendant's behalf. Plaintiff's action arises under this contract and California statute.

   The parties' contract included a forum selection clause, which required that any litigation arising from the contract be brought exclusively in either state or federal court in Massachusetts.

1 The Court, in its discretion, has decided this matter on the papers submitted and
2 without oral argument.  *See* Civ. L.R. 7.1(d)(1). Therefore the Court **DENIES**
3 Plaintiff's motion for oral argument. ECF 10.

4 For the following reasons, the Court **GRANTS** the motion. ECF 7.
5 Defendant's *ex parte* application to stay discovery pending ruling on the motion to
6 transfer venue is **TERMINATED** as **MOOT**. ECF 16.

7 **I.     BACKGROUND**

8 Plaintiff is an independent sales agency based in San Diego, California.
9 Compl. ¶¶ 1, 5, ECF 1. Defendant is a Massachusetts company with sales offices in
10 California. *Id.* at ¶ 3. At some point in 2010, Defendant purchased Mimix, a
11 company that had previously contracted with Plaintiff for sales services. Pl.'s Opp.
12 2:18–21, ECF 9. Plaintiff contends that for five months after that purchase, until
13 November 2010, Plaintiff provided sales services to Defendant under the previous
14 contract with Mimix. *Id.* at 2:18–3:7. At that point, the parties entered into the
15 present Sales Representative Agreement ("SRA"). Ex. 1 to John F. Kennedy Decl.,
16 ECF 7-2. Kenneth Powers, Plaintiff's president, signed the SRA on November 16,
17 2010. *Id.* at 15. Provision 15 of the SRA requires that "[a]ny lawsuit with respect
18 to or arising out of this Agreement or the transactions contemplated hereby shall be
19 brought exclusively in a state or federal court of competent jurisdiction in the
20 Commonwealth of Massachusetts, and MTS and the Representative each hereby
21 submits, unconditionally and irrevocably, to the jurisdiction of the aforesaid courts
22 for the purposes of any such lawsuit." *Id.* at 13–14.

23 Plaintiff claims the SRA resulted from Defendant's "take it or leave it" offer.
24 Plaintiff claims Defendant position was "either sign the contract, with no revisions,
25 or be replaced by a direct sales force." Kenneth Powers Decl. ¶ 5, ECF 9-1.

26 From 2010 until 2014, Plaintiff operated under the SRA and later-alleged
27 oral agreements. Powers Decl. ¶ 8. Defendant then terminated the SRA on July 31,
28 2014. *Id.* at ¶ 9. Thereafter, Plaintiff sued for breach of the SRA and of the alleged

oral agreements. ECF 1.

## II. DISCUSSION

A forum-selection clause in a contract "may be enforced through a motion to transfer under [28 U.S.C.] § 1404(a)." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, — U.S. —, 134 S. Ct. 568, 579 (2013). Section 1404(a) reads: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "[P]roper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" *Id.* (quoting *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)).

When applying a valid forum-selection clause, the Court does not apply the original venue's choice of law rules and gives no deference to the plaintiff's venue choice or arguments about the parties' private interests. *Atl. Marine*, 134 S. Ct. at 581–82. Instead, the court may only consider public-interest factors. *Id.* at 582. "Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.*

Enforcing such forum-selection clauses "furthers vital interests of the justice system." *Stewart*, 487 U.S. at 33 (Kennedy, J., concurring). Therefore "a valid forum-selection clause is given controlling weight in all but the most exceptional cases." *Id.*

Forum-selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 92 S. Ct. 1907, 1913, 32 L. Ed. 2d 513 (1972) (internal quotations omitted). Under *The Bremen*, there are four separate grounds under which such a clause is unenforceable:

(1) the clause was the product of "fraud or overreaching,"
(2) "enforcement would be unreasonable and unjust,"
(3) proceedings "in the contractual forum will be so gravely difficult and inconvenient that [the party challenging the clause] will for all practical purposes be deprived of his day in court,"; or
(4) "enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision[.]"

*Rafael Rodriguez Barril, Inc. v. Conbraco Indus., Inc.*, 619 F.3d 90, 93 (1st Cir. 2010) (internal citations omitted).

      Here, the forum-selection clause is enforceable, and there is no public interest requiring this case be heard in a court seated in California. Plaintiff asserts breach of contract claims in its suit; it seems clear that Plaintiff believes the contract was validly entered into. Plaintiff claims that this contract was presented as "take it or leave it," but does not claim that at any point Plaintiff objected to the forum-selection clause. The clear plain language of the clause does not evince any fraud, deceit, or overreach. It appears on its face to be a clearly-worded agreement, entered into with Plaintiff's full knowledge. Plaintiff, primarily in counsel's declaration attached to its motion for oral argument, asserts that this matter may be dismissed because of the burden of finding local counsel in Massachusetts, among other costs. The Court will not consider these arguments, as instructed under *Atlantic Marine*.

      Plaintiff also asserts California's public interest in protecting its workforce. The Court agrees that California has stated that "independent wholesale representatives are a key ingredient to the California economy [and] should be provided unique protection from unjust enrichment." Cal. Civ. Code § 1738.10. However, the Court is unaware of any arcane idiosyncrasies in the California Code that would prevent our sister courts in Massachusetts from properly applying California law.

### III.   CONCLUSION

Because the parties entered into an enforceable forum-selection clause, there

1  is no extraordinary public interest in litigating the matter in California, and
2  Defendant has properly moved to transfer venue under 28 U.S.C. § 1404(a), the
3  Court **GRANTS** Defendant's motion to transfer venue and **TRANSFERS**
4  **VENUE** to the U.S. District Court for the Commonwealth of Massachusetts.
5  Plaintiff's motion for oral argument on the motion is **DENIED.** ECF 10.
6  Defendant's *ex parte* application to stay discovery pending ruling on the motion to
7  transfer venue is **TERMINATED** as **MOOT**. ECF 16.

8      **IT IS SO ORDERED.**

9  Dated: March 6, 2015

                                  Hon. Cynthia Bashant
                                  United States District Judge